Curia, per
Nott, J.
In order to maintain an action of debt, it is necessary to set'but in the declaration a sum certain. The plaintiff has done so in this case, and the declaration is .supported by the adduction of the obligation on which the action is brought. The demurrer, therefore, cannot be sustained on that ground. But on the other ground, the general rule of pleading is, that if the contract be in the disjunctive, the breach ought to be assigned, that the defendant did not do the one act or the other; as on a promise to deliver a horse by a particular day, or pay a sum of money, 1 Chitty, 329. And in de~ daring on a deed, whether in debt or covenant, the rule is the same, Do. 35 i.. Where the covenant is in the alternative, that is, where the covenantor undertakes fox-one of two things, bi-eaches should be assigned as to both. 1 Espinassc, 300; or in other words, the declaration must contain every averment necessaiy to shew that the plaintiff has a good cause of action. Where a person undertakes to do one of two things, the perfonnanee of one is the discharge of the other. The party, therefore, who would have the benefit of the breach of one part of the contract, must aver the non-performance of the other; for xxntil there is a breach of both, no cause of action arises. In an action upon a promise to re-deliver some rings to the plaintiff, in as good plight as they were delivered to defendant, or else pay him eighteen pounds in money, the plaintiff averred that the defendant had not re-delivered to him the rings, but omitted to say, nor paid him *290 tbs eighteen pounds in money, and this was held to he nought, though after verdict; because, said the Court, it may well be that the eighteen pounds were paid, and then the plaintiff had no cause of action. Hardres, 320, Anon. I do not perceive the distinction between that case and the one now under consideration. The defendant undertook. to build a house for plaintiff, or on failure thereof, to pay him twelve hundred dollars. The breach assigned is, that he has not paid the twelve hundred dollars, with out any averment that he has not performed the work. But it may be that the defendant has performed the work, and until the contrary is known, the plaintiff has no cause of action. The case in hand is to he sure an action on the ease for a breach of promise, but it has already been observed, that the principle is the same, whatever may he the form of action. See also Pordage vs. Cole, 1 Saunders, 320, Lowe v. Peer. 4 Burr, 2225, one of which is an action of covenant, and the other debt. It is said that when a person is bound in a penalty, the party to whom he is bound may sue for the penalty, without noticing the condition. And that is true when the penalty professes to be a subsisting debt, and the condition is added by way of defeasance; but it is otherwise where there is no subsisting debt or duty, and the obligation depends upon the performance or non-performance of some particular act. The distinction is between a present cause of action, and one which depends upon the happening of some contingency. In the first, the plaintiff may simply declare for the money — in the other he must al-ledge that the contingency has happened. In the present case the defendant does not acknowledge any subsisting debt. His liability is to arise, if at all, on a future contingent event, that is to say, his neglecting to build the House.- The plaintiff, therefore, has shewn no cause of action, as he has not alleged the non-perform • *291 anee of that part of the contract. It is in the nature of a condition precedent, the performance of which must always be averred. Pordage vs. Cole, 1 Saunders, 320, note (2) and whether it be something to be performed by the plaintiff or defendant, if it be the sine qua non of the action, the averment of performance on one side, and the non-performance on the other, are equally necessary. I am of opinion the demurrer ought to have 'been sustained, and the decision must therefore be reversed.